COURT OF COMMON PLEAS

FAIRFIELD COUNTY, OHIO

| | | |
|---|---|---|
| **GERALD LEIST** | : | |
| 9580 Cordle Lane | : | |
| Stoutsville, OH 43154 | : | Case No._____ |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| **WINNEBAGO INDUSTRIES, INC.** | : | |
| c/o CT Corporation System | : | JUDGE:_____ |
| 400 East Court Avenue | : | |
| Des Moines, IA 50309 | : | |
| Defendant | : | |
| | : | COMPLAINT |
| | : | (WITH JURY DEMAND) |

Now comes the Plaintiff, Gerald Leist, and for his Complaint against Defendant states as follows.

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Gerald Leist is an individual residing at 9580 Cordle Lane, Stoutsville, Ohio 43154 in the county of Fairfield.

2. Defendant Winnebago Industries, Inc. ("Winnebago") is a foreign profit corporation. Winnebago may be served through its registered agent, CT Corporation System, 400 East Court Avenue, Des Moines, Iowa 50309 (hereinafter "Defendant Winnebago").

3. The transactions and occurrences involved in this action took place in the State of Ohio, County of Fairfield.

4. This Honorable Court has jurisdiction over this matter because the amount in controversy exceeds $25,000, exclusive of costs, interest and attorney fees.

## COMMON AVERMENTS

5. On or about January 29, 2018, Plaintiff purchased a new 2018 Winnebago Intent 31P, VIN 1F65F5DY4J0A11282 from an Authorized Dealership (the "Subject Vehicle"). Please see Exhibit A for purchase agreement.

6. At the time of purchase, the Subject Vehicle was accompanied with a factory warranty which, in relevant part, provided for 1 (one) year - 15,000 mile basic limited warranty (the "Warranty"). Please see Exhibit B for general warranty. Complete warranty is in Defendant's possession.

8. The Subject Vehicle is registered in the State of Ohio and was purchased primarily for personal, family, and/or household purposes.

9. The Defendant's warranties covered any repairs or replacements needed during the warranty period and/or due to defects in factory materials or workmanship.

10. In fact, when delivered, the Subject Vehicle was defective in materials and workmanship, such defects being discovered within the warranty periods and repairs were attempted. Shortly after purchasing the vehicle, Plaintiff noticed defects in the vehicle and returned the vehicle to Authorized Dealerships to repair the defects on at least 5 (five) occasions for defects including dashboard air conditioner not blowing cold air, air conditioner blows cold air when vehicle is at idle and hot air while vehicle is driving despite numerous repair attempts, and rooftop air conditioner leaking when traveling. Please see Exhibit C for repair orders.

11. Authorized Dealerships have made repairs to the vehicle, including to the above stated defects in the Subject Vehicle, however the defects continue to exist. During said repairs the Subject Vehicle was out of service for at least 11 (eleven) days.

12. Despite the prolonged time during which Defendant was given the opportunity to repair Plaintiff's Vehicle, Defendant failed to repair the Subject Vehicle so as to bring it into conformity with the warranties set forth herein.

13. The defects experienced by the Plaintiff with the Subject Vehicle substantially impaired its use, value and safety to the Plaintiff, and has shaken the Plaintiff's faith in the vehicle to operate as dependable transportation.

14. Despite Plaintiff's repeated efforts to allow Defendant the opportunity to repair the Subject Vehicle, many nonconforming and defective conditions were not repaired and still exist.

15. Plaintiff directly notified Defendant of the defective conditions of the vehicle on numerous occasions and that he revoked acceptance of the vehicle, rescinded the purchase agreement, and desired a buy-back of the Subject Vehicle, wherein Defendant failed and refused to buy back Plaintiff's defective Vehicle and to reimburse Plaintiff pursuant to his rights under Ohio and Federal laws. Please see Exhibit D for written notification to Defendant.

16. This cause of action arises out of the Defendant's breaches of warranty and contract and violations of the enclosed statutes, as set forth in this Complaint.

17. Plaintiff seeks judgment against the Defendant in whatever amount in excess of $25,000 that the Plaintiff is entitled to, and/or equitable relief, rescission of the purchase agreement, revocation of acceptance, and consequential damages and the costs and expenses of this action.

## COUNT I

## BREACH OF FACTORY WARRANTY

18. Plaintiff repeats and incorporates Paragraphs 1 through 17 as set forth above.

19. Defendant Winnebago extended to Plaintiff a 1 (one) year - 15,000 mile basic limited warranty ("Warranty").

20. Plaintiff, seeking to repair the Subject Vehicle, attempted to exercise his rights under the Warranty.

21. Defendant Winnebago, without justification, has failed to honor the terms of the Warranty.

22. Defendant Winnebago has not fixed the defects in the subject vehicle.

23. As a result of the actions set forth above, Winnebago has breached the Warranty.

24. As a result of Defendant Winnebago's breach of Warranty, Plaintiff has and will continue to suffer significant monetary and consequential damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant in an amount exceeding $25,000, exclusive of costs, interest and attorney fees.

## COUNT II

## BREACH OF IMPLIED WARRANTY

25. Plaintiff repeats and incorporates Paragraphs 1 through 24 as set forth above.

26. Defendant Winnebago is a "Merchant" with respect to motor vehicles under ORC 1302.01.

27. The aforementioned Subject Vehicle purchased by Plaintiff was subject to implied warranties of merchantability under ORC 1302.27.

28. Said implied warranties included, but are not limited to, the following:

   a. Said Vehicle was fit for the ordinary purpose of safe, reliable transportation and was thus free from defective parts and workmanship;

   b. Said Vehicle was of fair, average quality.

29. Said vehicle was not warranted and represented and Defendant Winnebago has failed and refuses to repair any defects and nonconformities.

30. Plaintiff has given Defendant Winnebago a reasonable opportunity to fix the Subject Vehicle but Defendant Winnebago has refused to do so within a reasonable time and without costs to Plaintiff.

31. As a result of Defendant Winnebago's breach of implied warranties, Plaintiff has and will continue to suffer significant monetary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter Judgment in favor of Plaintiff and against Defendant Winnebago in an amount exceeding $25,000, exclusive of costs, interest and attorney fees.

## COUNT III

## BREACH OF MAGNUSON-MOSS WARRANTY ACT

32. Plaintiff repeats and incorporates Paragraphs 1 through 31 as set forth above.

33. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2301(d)(1)(A).

34. Plaintiff is a consumer as defined by 15 USC § 2301(3).

35. Defendant Winnebago is a supplier and warrantor as defined by 15 USC § 2301(4)(5).

36. The Subject Vehicle is a consumer product as defined by 15 USC § 2301(6).

37. 15 USC § 2301(D)(1)(A), requires Defendant Winnebago, as a warrantor, to remedy any defects, malfunction or non-conformance of the Subject Vehicle within a reasonable time and without charge to Plaintiff, as defined in 15 USC § 2304(d).

38. The actions of Defendant Winnebago as hereinabove described and in failing to tender the Subject Vehicle to Plaintiff free of defects and refusing to repair or replace the defective vehicle tendered to Plaintiff, constitute a breach of the written and implied warranties covering the Subject Vehicle and are a violation of the Magnuson-Moss Warranty Act.

39. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon him by Defendant Winnebago, Defendant Winnebago has failed and refused to cure any defects and non-conformity with the Subject Vehicle.

40. As a result of Defendant Winnebago's breach of factory and implied warranty as set forth above, and Defendant Winnebago's failure to honor its obligations under its warranties, Plaintiff has and will continue to suffer damages as enumerated above.

41. Defendant Winnebago has had a reasonable opportunity to remedy the defects in the vehicle but has failed to do so, thereby entitling Plaintiff to a refund of the purchase price pursuant to the Magnuson-Moss Warranty Act.

42. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order requiring Defendant Winnebago to accept return of the Subject Vehicle and refund Plaintiff the purchase price, together with any and all incidental and consequential damages, including attorney fees as provided by 15 USC § 2301(D)(2) and equitable relief to which Plaintiff is entitled.

## COUNT IV

## VIOLATION OF NONCONFORMING NEW VEHICLE LAW

### "LEMON LAW"

### ORC 1345.71 – ORC 1345.77

43. Plaintiff repeats and incorporates Paragraphs 1 through 42 as set forth above.

44. Plaintiff is a "consumer" under the Ohio Nonconforming New Motor Vehicle Law ("Lemon Law"), ORC 1345.71(A).

45. Defendant Winnebago is a "manufacturer" under the Lemon Law, ORC 1345.71(B).

46. The Subject Vehicle is a "motor vehicle" under the Lemon Law, ORC 1345.71(D).

47. The factory warranty given by manufacturer covering the Subject Vehicle is an "express warranty" or "warranty" under the Lemon Law, ORC 1345.71(C).

48. The Subject Vehicle has been subject to a reasonable number of repair attempts for the aforementioned defects:

   (a) In the first year or first 18,000 miles, whichever occurs first, three or more attempts been made to repair one problem and the problem continues to exist; and/or

   (b) Said motor vehicle has been out of service for repair for a cumulative total of 30 days or more during its first year or 18,000 miles, whichever occurs first.

49. All attempted repairs were unsuccessful as the Subject Vehicle continues to have the aforementioned defects.

50. The aforementioned defects substantially impair the use or value of the Subject Vehicle to Plaintiff and prevent the Subject Vehicle from conforming to the Manufacturer's factory warranty.

**WHEREFORE**, Plaintiff prays for judgment as follows:

(1) For actual damages in excess of $25,000 according to proof at trial;

(2) Manufacturer must accept return of the vehicle and refund Plaintiff the purchase price including options or other modifications installed, the amount of all charges made by or for Manufacturer, any towing charges and rental costs less a reasonable allowance for Plaintiff's use of the vehicle.

(3) Pursuant to ORC 1345.72(B), Plaintiff is entitled to a sum equal to the full purchase price of the vehicle plus all incidental damages, including but not limited to attorney fees based on actual time expended by Plaintiff's attorney in this action.

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, Gerald Leist, by and through his attorney, Shawn Riehl, and hereby demands a trial by jury in the above cause.

Respectfully submitted,

LEMON LAW GROUP PARTNERS PLC

By: _____

Shawn Riehl (0081180)
500 S. Front Street, Suite 200
Columbus, Ohio 43215
(888) 415-0610

Dated: March 12, 2019